*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# OPINION

No. 04-10-00721-CR

## EX PARTE TOMAS RODRIGUEZ

From the County Court at Law No. 7, Bexar County, Texas
Trial Court No. 947217
Honorable Monica Guerrero, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  May 18, 2011

AFFIRMED

In June 2006, appellant pled no contest to the misdemeanor offense of assault causing bodily harm. Among other conditions, appellant was sentenced to one year confinement, which was probated for eighteen months, and assessed a fine of $1,500, which was probated to $200. At the time, appellant, a native of Mexico, was a lawful permanent resident of the United States. In March 2010, appellant was apprehended by Immigration and Customs Enforcement officers and he was ultimately ordered removed from the United States. On July 16, 2010, appellant filed the underlying "Application for Writ of Habeas Corpus to Vacate Misdemeanor Conviction," asking that his 2006 conviction be vacated on the grounds that the attorney who represented him

on the 2006 assault charge did not properly admonish him that his plea would result in removal. Following a hearing, the trial court denied the application and this appeal ensued. We affirm.

## DISCUSSION

On appeal, appellant first contends his plea and conviction were invalid because he was not informed about the immigration consequences of his plea of no contest. The basis of this complaint is that his attorney represented to him that "he would only have a problem in the future if he wished to apply for Naturalization." Therefore, according to appellant, his plea and subsequent conviction were obtained in violation of Texas Code of Criminal Procedure article 26.13(a)(4) and violated his due process right to effective assistance of counsel.

Article 26.13 requires a trial court, prior to accepting a plea of no contest, to admonish the defendant of "the fact that if the defendant is not a citizen of the United States of America, a plea of . . . nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law . . . ." TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(4) (West 2009). The reporter's record from the 2006 plea hearing reveals the trial court provided this admonishment to appellant. After admonishing appellant, the court then asked appellant if he wanted to proceed with his plea, and appellant answered affirmatively. Also, at the hearing on the habeas application, the State informed the trial court and appellant did not dispute, that although the admonishment was in English, appellant also was given a waiver in Spanish. Therefore, the record contradicts appellant's first argument.

Relying on the recent United States Supreme Court opinion in *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), appellant next contends that when deportation is a certain consequence of a plea and can be easily ascertained by reference to an immigration practice guide or applicable

case law, counsel has a duty to advise a defendant that deportation is certain and defendant should go to trial and not plead. Appellant asserts his former trial counsel was ineffective because counsel did not provide such advice.

The standard set forth in *Strickland v. Washington*, 466 U.S. 688 (1984), applies to a claim of ineffective assistance of counsel in the context of advice regarding deportation. *Padilla*, 130 S. Ct. at 1481-82 (recognizing that before deciding whether to plead guilty or no contest to a criminal charge, a defendant is entitled to "the effective assistance of competent counsel"). Under the first prong of *Strickland*, we determine whether counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. A defendant bears the burden of establishing that counsel's performance was constitutionally deficient by a preponderance of the evidence. *Ex parte Chandler*, 182 S.W.3d 350, 354 (Tex. Crim. App. 2005).

In support of his application for writ of habeas corpus, appellant provided the trial court with affidavits from himself and his wife, and a statement from the attorney who represented him in 2006. Appellant stated in his affidavit that counsel "never explained to [him] that [he] would be deported because of [his] plea on this case." Appellant contends counsel instead told him he would not be deported but that he "may have problems in the future if [appellant] ever tried to adjust [his] status to that of a United States Citizen, . . . [counsel] never explained that [appellant] would be deported as a result of this conviction." Appellant's wife made similar contentions in her affidavit. Appellant's former trial counsel was not present at the habeas hearing; however, appellant's counsel represented to the court that former trial counsel "did not remember what he told" appellant.

In *Padilla*, the United States Supreme Court first noted that "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." 130 S. Ct. at 1482 (quoting *Strickland*, 466 U.S. at 688). Under this standard, the Court held that "[t]he weight of prevailing professional norms supports the view that counsel must advise her client regarding the risk of deportation." *Id.* According to the Court, attorneys not well-versed in immigration law could "follo[w] the advice of numerous practice guides" to preserve for their client relief from the possibility of removal from this country. *Id.* at 1483. Thus, "when the deportation consequence is truly clear . . . the duty to give correct advice is equally clear." *Id.* However, the Court also acknowledged there are "numerous situations in which the deportation consequences of a particular plea are unclear or uncertain." *Id.* Under these circumstances, the duty of the private practitioner is more limited. *Id.* "When the law is not succinct and straightforward . . ., a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.*

Here, appellant argues his plea resulted in an aggravated felony conviction that is clearly a removable offense. However, appellant pled no contest to misdemeanor assault and the judgment reflects he was found guilty of a misdemeanor. Because nothing in the record indicates removal was certain in this case, we cannot conclude appellant established that "the deportation consequence [was] truly clear" for the misdemeanor assault conviction.

Additionally, even assuming that removal from this country was a "truly clear" consequence of appellant's plea of no contest to misdemeanor assault, appellant must still establish former trial counsel was ineffective for not providing the advice *Padilla* requires. In this case, former trial counsel could not remember what he told appellant and the trial court, as the finder of fact, determined the affidavits of appellant and his wife were "very vague as to the

exact language . . . spoken by the attorney . . . ." *See Charles v. State*, 146 S.W.3d 204, 213 (Tex. Crim. App. 2004), superseded on other grounds by TEX. R. APP. P. 21.8(b)) (trial court not required to believe factual statements contained in affidavits, even when uncontradicted by other affidavits). Based on this record, we must conclude appellant has not satisfied his burden of establishing that former trial counsel's performance was constitutionally deficient by a preponderance of the evidence. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (allegations of ineffectiveness must be firmly founded in record, and record must affirmatively demonstrate the alleged ineffectiveness).[1]

## CONCLUSION

For the reasons stated above, we overrule appellant's issues on appeal and affirm the trial court's order.

Sandee Bryan Marion, Justice

Publish

---

[1] Appellant's second issue on appeal is that the trial court erred in denying his application for writ of habeas corpus because the court considered factors irrelevant to the issue of whether his plea was obtained in violation of his constitutional rights. According to appellant, the court improperly considered post-plea motions to revoke his probation and other irrelevant criminal offenses. Because we conclude appellant has not established by a preponderance of the evidence that his former trial counsel provided ineffective assistance in 2006, we do not reach this issue. *See* TEX. R. APP. P. 47.1.