**The STATE of Texas, Appellant**

v.

**Terry GOLDING, Appellee.**

**No. 01–10–00685–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

July 14, 2011.

Discretionary Review Refused Feb. 8, 2012.

Patricia R. Lykos, Mandy Goldman Miller, for The State of Texas.

Stanley G. Schneider, for Appellee.

Panel consists of Chief Justice RADACK and Justice BLAND.*

## MEMORANDUM OPINION ON REHEARING

JANE BLAND, Justice.

Appellant the State of Texas has moved for rehearing. We grant rehearing, withdraw our opinion and judgment of May 12, 2011, and issue this opinion and judgment in their stead.

In 1994, Terry Golding, a lawful permanent resident of the United States since 1989, pleaded guilty to the misdemeanor offenses of driving while intoxicated and unlawful possession of a firearm. Shortly after the United States Supreme Court decided *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), Golding applied for a writ of habeas corpus, claiming that his 1994 guilty plea was involuntary because his counsel failed to advise him of the immigration consequences of entering a guilty plea, specifically, that a conviction for unlawful possession of a firearm would render him deportable and ineligible for United States citizenship. The trial court granted Golding habeas relief and vacated his conviction for unlawful possession of a firearm. We affirmed the trial court's ruling on May 12, 2011.

■ In its motion for rehearing, the State informed this Court that Golding was approved for naturalization on April 29, 2011, and took the oath to become a United States citizen on May 18, 2011. The State provided certified copies of the administrative approval and the certificate of naturalization, of which we take judicial

* Justice Alcala was a member of the original panel but has resigned in the interim. The two remaining justices ruled on this motion. *See* TEX.R.APP. P. 49.3(b).

notice.[1] Tex.R. Evid. 201; *see Watkins v. State*, 245 S.W.3d 444, 456 (Tex.Crim.App. 2008); *Watts v. State*, 99 S.W.3d 604, 609–10 (Tex.Crim.App.2003). The naturalization petition's approval eliminated the basis for Golding's request for habeas relief and rendered it moot. *See In re Turner*, 177 S.W.3d 284, 288 (Tex.App.-Houston [1st Dist.] 2005, orig. proceeding) (challenge to restraint in absence of conviction order dismissed as moot where trial court provided copy of order before court of appeals ruled on habeas petition).

■ "Where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot." *Saucedo v. State*, 795 S.W.2d 8, 9 (Tex.App.-Houston [14th Dist.] 1990, no pet.) (citing *Ex parte Branch*, 553 S.W.2d 380, 381 (Tex. Crim.App.1977); *Ex parte Norvell*, 528 S.W.2d 129, 131 (Tex.Crim.App.1975); *Ex parte Marks*, 144 Tex.Crim. 561, 165 S.W.2d 184 (1942)); *see Hubbard v. State*, 841 S.W.2d 33, .33–34 Tex.App.-Houston [1st Dist.] 1992, no pet.).

■ We therefore vacate the judgment of the trial court and dismiss the application for writ of habeas corpus. All pending motions are also dismissed as moot.[2]

1. The Court gave Golding an opportunity to respond to the State's motion for rehearing, but no response was filed.

2. The State has also filed a motion to abate the appeal and remand the case to the trial court for new findings. If a case becomes moot, the parties lose their standing to maintain their claims, and the court loses jurisdiction to consider them. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex.2001). We therefore dismiss that motion for the same reasons we dismiss the writ application.