*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# OPINION

No. 04-11-00175-CR

**EX PARTE** Gregorio **ROMERO**

From the 216th Judicial District Court, Kendall County, Texas
Trial Court No. 3427-B
Honorable N. Keith Williams, Judge Presiding

Opinion by:   Karen Angelini, Justice

Sitting:   Karen Angelini, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:  August 3, 2011

REVERSED AND RENDERED

Gregorio Romero pled no contest to aggravated sexual assault of a child and was placed on deferred adjudication community supervision for ten years.  Romero appeals the trial court's order denying his application for writ of habeas corpus, asserting: (1) the evidence was insufficient to support his guilt; (2) the trial court did not admonish him regarding the immigration consequences of his plea; and (3) trial counsel was ineffective in failing to advise him of the immigration consequences of his plea and in failing to diligently investigate the facts of the case.[1]  We reverse the trial court's order and grant habeas corpus relief.

---

[1] The application was filed pursuant to article 11.072 of the Texas Code of Criminal Procedure, which gives this court jurisdiction over this appeal.  *See Ex parte Villanueva*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008) (remanding cause to intermediate court of appeals for consideration of merits of appeal of order denying habeas application filed pursuant to article 11.072).

## SUFFICIENCY OF THE EVIDENCE

In his first issue, Romero complains that the trial court erred in denying his habeas application because no evidence was presented to prove his guilt. A challenge to the sufficiency of the evidence to support a felony conviction is not cognizable by writ of habeas corpus. *Ex parte Jessep*, 281 S.W.3d 675, 679 (Tex. App.—Amarillo 2009, pet. ref'd); *Ex parte Prince*, No. 05-05-00132-CR, 2005 WL 615729, at *1 (Tex. App.—Dallas Mar. 17, 2005, no pet.) (not designated for publication); *see also Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). Even if such a claim were cognizable, Romero signed a stipulation of evidence in which he judicially confessed that all facts, statements, and allegations contained in the indictment were true and correct and that he committed the offense as charged. Romero's judicial confession standing alone is sufficient to sustain a conviction upon his plea. *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979); *Tijerina v. State*, 264 S.W.3d 320, 324 (Tex. App.—San Antonio 2008, pet. ref'd). Romero's first issue is overruled.

## IMMIGRATION ADMONISHMENT

In his second issue, Romero contends the trial court erred in denying his habeas application because the record shows that the trial court did not properly admonish him with regard to the immigration consequences of his plea. Article 26.13 of the Texas Code of Criminal Procedure requires that prior to accepting a guilty plea, a trial court must admonish the defendant of the consequences of his plea. TEX. CODE CRIM. PROC. ANN. art. 26.13(a) (West 2010). A trial court may make the admonishment either orally or in writing. *Id*. at art. 26.13(d). In this case, the record contains the following written admonishment: "If I am a non-citizen of the United States, I understand that a plea of guilty or nolo contendere may result in my deportation, the exclusion from admission to this country, or denial of naturalization under federal law." The

written admonishment repeats verbatim the admonishment required by article 26.13(a)(4). *See id*. at art. 26.13(a)(4). Accordingly, Romero's second issue is overruled.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his final issue, Romero contends trial counsel was ineffective in failing to advise him regarding the immigration consequences of his plea and in failing to conduct a diligent investigation. To obtain habeas corpus relief for ineffective assistance of counsel under the *Strickland v. Washington*[2] standards, Romero was required to show that counsel's performance was deficient and that a reasonable probability exists that the outcome would have been different but for counsel's deficient performance. *Ex parte Amezquita*, 223 S.W.3d 363, 366 (Tex. Crim. App. 2006). An appellate court reviewing a trial court's ruling on a habeas claim must review the record evidence in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). Almost total deference is given to a trial court's factual findings in habeas proceedings, especially when those findings are based upon credibility and demeanor. *Ex parte Amezquita*, 223 S.W.3d at 367. "Although reviewing courts should also grant deference to 'implicit factual findings' that support the trial court's ultimate ruling, they cannot do so if they are unable to determine from the record what the trial court's implied factual findings are." *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003).

With regard to counsel's advice regarding the immigration consequences of Romero's plea, the United States Supreme Court has held, "counsel must inform her client whether his plea carries a risk of deportation." *Padilla v. Kentucky*, 130 S.Ct. 1473, 1486 (2010). The nature of the advice to be given depends on the certainty of the applicable immigration law. *Id*. at 1483. "When the law is not succinct and straightforward . . ., a criminal defense attorney need do no

---

[2] 466 U.S. 668 (1984).

more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear, . . ., the duty to give correct advice is equally clear." *Id.* "It is quintessentially the duty of counsel to provide her client with available advice about an issue like deportation and the failure to do so 'clearly satisfies the first prong of the *Strickland* analysis.'" *Id.* at 1484 (quoting *Hill v. Lockhart*, 474 U.S. 52, 62 (1985) (White, J., concurring in judgment)).

In the instant case, Romero was charged with aggravated sexual assault of a child. Under the federal immigration statutes, the term "aggravated felony" includes the rape or sexual abuse of a minor. 8 U.S.C. § 1101(a)(43)(A). Further, the term "conviction," with respect to an alien, includes one who has pled nolo contendere and the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty.[3] 8 U.S.C. § 1101(a)(48)(A). Finally, federal immigration law provides that "[a]ny alien . . . in the United States shall, upon the order of the Attorney General, be deported if the alien is within one or more of the following classes of deportable aliens." 8 U.S.C. § 1227(a). One of the classes listed is "[a]ny alien who is convicted of an aggravated felony at any time after admission." 8 U.S.C. § 1227(a)(2)(A)(iii). Thus, the deportation consequences resulting from a conviction of aggravated sexual assault of a child are "truly clear." *Padilla*, 130 S.Ct. at 1483. Under the applicable statutes, Romero's conviction made him not just at risk for possible deportation but automatically deportable. *Cf. Ex parte Rodriguez*, No. 04-10-00721-CR, 2011 WL 1885172, at *2 (Tex. App.—San Antonio May 18, 2011, no pet.) (rejecting argument that plea resulted in an aggravated felony conviction which is clearly a removable offense because appellant pled to a misdemeanor).

---

[3] Deferred adjudication is a conviction for purposes of the federal immigration laws. *See Moosa v. I.N.S.*, 171 F.3d 994, 1006 (5th Cir. 1999).

The State seeks to rely on the general immigration admonishment that was given by the trial court and trial counsel's affidavit in which he stated that he reviewed the admonitions with Romero, "including possible consequences relating to citizenship." Based on trial counsel's affidavit, the trial court could have found that trial counsel reviewed the written immigration admonition with Romero including the "possible" immigration consequences; however, reviewing the written admonition did not satisfy trial counsel's duty under these circumstances. Because the deportation consequence was truly clear, trial counsel had a duty to inform Romero of the specific consequences of his plea. *See Ex parte Tanklevskaya*, No. 01-10-00627-CR, 2011 WL 2132722, at *8 (Tex. App.—Houston [1st Dist.] May 26, 2011, no pet. h.). In his affidavit, Romero stated that trial counsel never advised him that he would be deported. Because trial counsel only informed Romero about "possible" immigration consequences where the law made deportation a virtual certainty, counsel's performance was deficient. *See id*.

To establish prejudice in the context of an involuntary plea resulting from ineffective assistance of counsel, the applicant must demonstrate that there is a reasonable probability that, but for plea counsel's deficient performance, the applicant would not have pleaded guilty, but would have instead insisted on going to trial. *Id*., at *9. In his affidavit, Romero stated that he was a lawful permanent resident of the United States and did not know the conviction would affect his status. As a result of his conviction, Romero was detained by immigration officials in 2000, and he was deported in 2002. In his affidavit, Romero stated, "If I had known that pleading guilty to this charge would have made me an aggravated felon for immigration purposes, I never would have had [sic] pled guilty. I would have taken my case to a jury." Accordingly, Romero met his burden of demonstrating that, but for trial counsel's failure to advise him regarding the specific consequences of his plea, he would not have entered a plea but

would have gone to trial. *See id*. Therefore, Romero met his burden of proving trial counsel rendered ineffective assistance of counsel, and the trial court abused its discretion in denying Romero's habeas application on that basis.

## CONCLUSION

The trial court's order is reversed and habeas corpus relief is granted.

Karen Angelini, Justice

PUBLISH