COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

§          No. 08-11-00073-CR

§          Appeal from the

§          112ᵗʰ District Court

§          Of Pecos County, Texas

§          (TC# 2938)

§

EX PARTE:   BLANCA RAMIREZ

**O P I N I O N**

The State appeals the trial court's grant of a writ of habeas corpus in favor of Appellee. The State's sole point of error is that the trial court erred in granting Appellee's request for habeas relief.   For the reasons that follow, we affirm.

**BACKGROUND**

Appellee was indicted on two counts of Indecency with a Child on April 27, 2009, with both charges classified as second-degree felonies.   Attorney Frank Lacy was retained to act as Appellee's counsel.   Pursuant to a negotiated plea agreement, Appellee pleaded guilty to Count Two of the indictment, and Count One was considered under Texas Penal Code § 12.45.   The court entered an Order of Deferred Adjudication, sentencing Appellee to five years of deferred adjudication/community supervision, community service, and court costs.   At the hearing, the trial court gave Appellee written and verbal admonishments regarding the entry of her plea.   The written admonishment (#6) indicates that a plea of guilty "may result in your deportation, or your exclusion from admission to this country, or your denial of naturalization under federal law."   The court's verbal admonishment was that "a plea of guilty or nolo contendere in connection with this

offense, that can result in your deportation or exclusion of admission to this country or denial of naturalization under federal law."

On July 3, 2010, the Department of Homeland Security detained Appellee and commenced removal proceedings against her because of her guilty plea.

Appellee filed a post-conviction application for writ of habeas corpus ("Application") pursuant to Article 11.072 of the Texas Code of Criminal Procedure on December 17, 2010. In her Application, Appellee alleged that "Mr. Lacy (a) failed to investigate the immigration consequences of pleading guilty to the instant offense, (b) failed to seek an immigration-safe legal disposition for Ms. Ramirez, and (c) failed to properly advise Ms. Ramirez of the 'succinct, clear and explicit' legal consequences Ms. Ramirez would face if she entered a guilty plea to the instant offense." The State filed a response to the Application on January 14, 2011, and Appellee filed a reply to that response on January 25, 2011.

In Appellee's Application, she included an affidavit in which she stated, "Mr. Lacy did not tell me that I would lose my immigration papers if I pled guilty. He certainly did not tell me that I was facing certain deportation." Appellee's affidavit also stated:

> If I had known the immigration consequences, including my present incarceration, I would have fought my case or asked Mr. Lacy to try to get a plea bargain that did not involve my deportation or at least give me a chance to fight my immigration case.

On January 25, 2011, the habeas court heard the Application and, following a hearing where testimony was provided by a number of witnesses, entered an order granting the writ of habeas corpus.

At the habeas hearing, Mr. Lacy testified that he advised Appellee "that she would likely be deported or could be deported as a result" of her plea. Mr. Lacy provided an affidavit in the

2

State's response where he stated "I specifically advised Ms. Ramirez of the legal consequences of her plea," however, Mr. Lacy testified that he did not advise Appellee that pleading guilty to indecency with a child is a presumptively mandatory deportation offense and that immigration law did not allow an immigration judge to cancel or pardon said deportation. Mr. Lacy specifically stated "I did not tell Ms. Ramirez she would be deported with absolute certainty. I did advise Ms. Ramirez that she could be deported as a result of her plea." Mr. Lacy testified that "there are very few absolutes. So I was careful not to say absolutely this would happen or absolutely this would happen."

At the conclusion of the hearing, the trial court expressed concerns about the admonishments given by Mr. Lacy to Appellee and found that Appellee was given incorrect legal advice:

> The Court: The testimony today from Mr. Lacy causes the Court concern just from the perspective that he was adamant that he told her that a plea in this case could – that she could be deported, that she could, that there is a possibility.
> And the Court is of the opinion that . . . if you look at the federal statutes, that advice is incorrect because it's not that she could be deported; she will be deported.
> So I find that counsel's advice to her was incorrect, in that he said – he said that she could be deported, which lends itself to the idea, well, I can take a gamble and hope that something will come up between now and the time that immigration gets ahold of this thing.
> It lends itself to a prayer that she will not be deported, where, if you read the statutes, the federal statutes, the advice to her should have been there will be certain deportation on your plea of this.

The habeas court specifically found that "he [Mr. Lacy] gave her [Appellee] incorrect legal advice," and that "I do find that in this situation the lawyer gave her incorrect information as to what the consequence was. And, you know, to his defense, at the time he made that, this was a

3

collateral issue."[1]   The habeas court also found that the trial court's admonishment number 6 was incorrect, based on Appellee's circumstances.[2]   The habeas court did draw a distinction between a trial court's admonishments and the legal advice an attorney is to give to a client, and noted that while Mr. Lacy correctly performed as a lawyer in providing Appellee advice, also indicated that Mr. Lacy's advice was not correct.   The habeas court noted that while there was no "bad conduct" on the part of Mr. Lacy, the advice given was not the correct advice, that is, that "you are going to get deported if you plead guilty to this crime."   The habeas court performed an analysis under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed2d 674 (1984).   The court found obvious prejudice and found that because Appellee was given incorrect legal advice, even if on a collateral issue, "that it casts a shadow on the issue of freely and voluntarily made." [3]   The State timely appealed.

## DISCUSSION

The State raises a single point of error, arguing that the habeas record fails to establish that Appellee's trial counsel rendered ineffective assistance under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed2d 674 (1984), and that the habeas court erred in granting the habeas relief requested by Appellee.

The decision to grant or deny an application for writ of habeas corpus rests within the trial

---

[1] The habeas court briefly touched on the *Padilla v. Kentucky*, – – U.S. – –, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010) arguments raised by both parties in the underlying case, but made no findings on whether *Padilla* applied to the case.

[2] Admonishment #6:

> If you are not a citizen of the United States of America, a plea of guilty or nolo contendere for or in connection with the offense with which you are charged in this case may result in your deportation, or your exclusion from admission to this country, or your denial of naturalization under federal law.

[3] The State states that the court filed findings of fact and conclusions of law, but the appellate record before us does not contain any such findings or conclusions.   The record reflects that the habeas court asked counsel for Appellee to prepare an order and findings of fact.

court's discretion. We apply an abuse of discretion standard when reviewing a trial court's decision to grant or deny habeas relief. *Ex parte Wheeler*, 203 S.W.3d 317, 323 (Tex.Crim.App. 2006); *Washington v. State*, 326 S.W.3d 701, 704 (Tex.App.--Houston [1st Dist.] 2010, no pet.); *Ex parte Torres*, 08-10-00330-CR, 2012 WL 1431660 (Tex.App.--El Paso Apr. 25, 2012, no pet.)(not designated for publication). We view the facts in the light most favorable to the trial court's ruling and defer to the trial court's implied factual findings that are supported by the record. *Wheeler*, 203 S.W.3d at 325-26; *Washington*, 326 S.W.3d at 704. *See also Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex.Crim.App. 2003)(per curiam)(holding that reviewing courts afford almost total deference to the court's determination of the historical facts supported by the record, especially when those facts are based on an evaluation of credibility and demeanor, and that if the trial court does not make explicit findings that the reviewing court will grant deference to implicit findings that support the court's ruling), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex.Crim.App. 2007); *Ex parte Torres*, 2012 WL 1431660, at *2 (noting same). We will reverse the trial court's ruling only if we conclude it is arbitrary, unreasonable, and made without reference to guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990)(op. on reh'g). We must affirm a trial court's ruling on a habeas petition if the ruling is correct based on any legal theory before the court, regardless of whether some of the reasons given by the court appear to be faulty. *Ex parte Carpio-Cruz*, 08-10-00240-CR, 2011 WL 5460848, *3 (Tex.App.--El Paso Nov. 9, 2011, no pet.).

To be entitled to habeas relief on the basis of ineffective assistance of counsel, a petitioner must prove by a preponderance of the evidence that counsel's performance was deficient and that she was prejudiced as a result. *Ex parte Carpio-Cruz*, 2011 WL 5460848, at *4. To establish

deficient performance, the petitioner must show that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms.   To establish prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.   *Ex parte Carpio-Cruz*, 2011 WL 5460848, at *4, *citing Perez v. State*, 310 S.W.3d 890, 893 (Tex.Crim.App. 2010).

Appellee was charged with two counts of indecency with a child, each a second-degree felony, and entered into a negotiated plea agreement where Appellee agreed to plead guilty to one offense and the other would be considered under Texas Penal Code § 12.45.   The trial court deferred adjudication of guilt and placed Appellee on community supervision for a period of five years.

The federal government may commence deportation proceedings against Appellee based on her guilty plea to a charge of indecency with a child.   Such an offense is an "aggravated felony" for purposes of removal proceedings.   *See* 8 U.S.C. § 1227(a)(2)(A)(iii)(2008); 8 U.S.C. § 1101(a)(43)(A)(2011); *Delgado-Reynua v. Gonzales*, 450 F.3d 596, 597 (5th Cir. 2006)(noting same).   Deferred adjudication is a "conviction" for immigration purposes and constitutes a valid basis for deportation.   *Garnica-Vasquez v. Reno*, 40 F.Supp.2d 398, 405-6 (W.D. Tex 1999).   Based on the plain language of the applicable federal statutes, and for purposes of immigration, Appellee was convicted of an aggravated felony and was subject to removal proceedings.

The State argues that the habeas court erred in concluding that:   (1) Mr. Lacy failed to investigate Appellee's immigration status; and (2) failed to advise her that a guilty plea "would" result in a deportation.   We disagree.

6

As we noted in *Ex parte Carpio-Cruz*, advising a defendant that a guilty plea "could" result in removal and that the defendant "'could' face immigration consequences" renders counsel's advice deficient when the applicable law would result in removal proceedings. *Ex parte Carpio-Cruz*, 2011 WL 5460848, at *7. Specifically, we noted:

> Counsel testified that she was aware of and understood all of these statutes, yet she only advised Carpio that his guilty plea 'could' result in removal and he 'could' face immigration consequences. Because Carpio's deportation was 'practically inevitable,' this advice was deficient. *See Padilla*, 130 S.Ct. at 1480; *Ex parte De Los Reyes*, 2011 WL 3841379, at *6; *see also Salazar v. State,* 2011 WL 4056283, at *3 (Tex.App.--Eastland Aug. 31, 2011, no pet.h.)('[T]he correct advice, which was that the plea of guilty would result in certain deportation, was not given. Both the terms "likelihood" and "possibility" leave open the hope that deportation might not occur.'); *Ex parte Romero*, 2011 WL 3328821, at *2 (Tex.App.--San Antonio Aug. 3, 2011, no pet.)('Because trial counsel only informed Romero about "possible" immigration consequences where the law made deportation a virtual certainty, counsel's performance was deficient.').

*Ex parte Carpio-Cruz*, 2011 WL 5460848, at *7.

Counsel's advice that a defendant "could" face immigration consequences has been found to be inadequate for purposes of the first prong of *Strickland*. *See Ex parte Olvera*, ---S.W.3d ---, 2012 WL 2336240 (Tex.App.--Dallas June 20, 2012, no pet.h.). There, counsel advised his client that he "could" be deported and that there "can" be a deportation. *Ex parte Olvera*, 2012 WL 2336240, at *2-3. The Court of Appeals found that because the immigration consequences in that case were "clear" (that there would be an automatic deportation and denial of reentry), counsel had a duty to give his client "clear advice about those consequences." *Id.,* at *3. Advising the defendant that he "could" be deported, not that the guilty plea would result in automatic deportation, indicated that counsel's performance fell below an objective standard of reasonableness, thereby satisfying the first prong of *Strickland*. *Ex parte Olvera*, 2012 WL 2336240, at *4.

7

Here, both the trial court and Appellee's trial counsel advised Appellee that she "could" be subject to immigration consequences which, in light of the fact that the conviction "would" result in deportation proceedings, was deficient. This failure indicates that Appellee met the first prong of *Strickland*: that her counsel's performance fell below an objective standard of reasonableness.[4]

To establish the second prong of *Strickland*, Appellee must show that there was a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Ex parte Carpio-Cruz*, 2011 WL 5460848, at *4.

The State contends that Appellee failed to argue and allege the right kind of prejudice necessary to meet the second *Strickland* prong. The State refers to *Hill v. Lockhart*, 474 U.S. 52, 60, 106 S.Ct. 366, 371, 88 L.Ed.2d 203 (1985) and *Ex parte Jones*, 05-93-01796-CR, 1997 WL 778656 (Tex.App.--Dallas Dec. 19, 1997, no pet.)(not designated for publication) in support of this argument. In *Hill*, the habeas petitioner did not allege that he would have pleaded not guilty and insisted on a trial if he had been advised of parole eligibility correctly, and alleged no special circumstances showing he placed emphasis on parole eligibility in deciding whether or not to plead guilty. *Hill*, 474 U.S. at 60, 106 S.Ct. at 371. In *Jones* the Court of Appeals noted that the petitioner did not allege special circumstances and he failed to allege that, had his counsel discovered certain unsigned papers, he would have pleaded not guilty and sought a trial. *Jones*, 1997 WL 778656, *2. Specifically, the court noted that "Appellant merely contends he would have been in a more favorable bargaining position with the State, not that he would have changed his plea." *Jones*, 1997 WL 778656, *2.

---

[4] Because the habeas court did not abuse its discretion in holding that the failure to advise of the immigration consequences of the guilty plea would result in immigration consequences, we do not address the State's contention of error regarding investigation of immigration status.

In the instant case, Appellee indicated that she has no ties to Mexico, has lived in the United States since she was five, that her family resides in the United States and all of her children are United States citizens. As noted above, Appellee's affidavit stated:

> If I had known the immigration consequences, including my present incarceration, I would have fought my case or asked Mr. Lacy to try to get a plea bargain that did not involve my deportation or at least give me a chance to fight my immigration case.

Appellee's affidavit indicates that there were circumstances outside of the pleadings which could be considered "special circumstances," and that had she received appropriate legal advice she would have fought her case. These facts distinguish the instant case from *Hill* and *Jones*.

The State next argues that the habeas court erred in finding that Appellee's plea was involuntary. We disagree. Counsel's advice can provide assistance so ineffective that it renders a guilty plea involuntary. *Hill*, 474 U.S. at 56, 106 S.Ct. at 369. A guilty plea is not knowing or voluntary if made as a result of ineffective assistance of counsel. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex.Crim.App. 1980); *Ex parte Moussazadeh*, 361 S.W.3d 684, 689 (Tex.Crim.App. 2012)(same). A defendant's decision to plead guilty, when based on the erroneous advice of counsel, was not voluntary and knowing. *Moussazadeh*, 361 S.W.3d at 689.

The record reflects that Appellee was a lawful permanent resident and that removal proceedings were commenced against Appellee as a result of her guilty plea. As noted above, the immigration consequences of her plea were such that Appellee would be subject to removal proceedings. *See* 8 U.S.C. § 1101(a)(48)(A); 8 U.S.C. § 1227(a)(2)(A)(iii); 8 U.S.C. § 1229b(a)(2008); 8 U.S.C. § 1182(a)(2)(A)(i)(I)(2010). Appellee, in an affidavit, indicated that she would have sought a different disposition of her case, including either seeking a trial or an immigration-neutral plea agreement, if she had been advised of the certainty of immigration

9

consequences in her case.

The trial court found prejudice against Appellee based on her receiving incorrect legal advice, despite labeling it as a collateral issue, and this affected whether Appellee entered into the plea freely and voluntarily. In addition, Appellee has alleged the appropriate type of prejudice such that she would not have pled guilty if she had she received the correct legal advice. We find that the trial court did not err in making this finding.[5] *See Ex parte Burns*, 601 S.W.2d at 372; *Moussazadeh*, 361 S.W.3d at 689.

Accordingly, we conclude that Appellee met her burden to show a reasonable probability that, but for the erroneous advice, she would not have pleaded guilty and would have gone to trial, *see Ex parte Olvera*, 2012 WL 2336240, at *4, *citing Ex parte Moody,* 991 S.W.2d 856, 857-58 (Tex.Crim.App. 1999), thereby satisfying the second prong of *Strickland*.

We hold that the trial court did not abuse its discretion in granting Appellee's application for a writ of habeas corpus based on the habeas court's determination of ineffective assistance of counsel as set out in *Strickland*. Having determined that the habeas court did not err in its

---

[5] We note that many of cases cited by the State are distinguishable from the facts in the instant case. *See Ex parte Rodriguez*, 350 S.W.3d 209, 211 (Tex.App.--San Antonio 2011, no pet.)(noting that deportation consequence was clear when the original charge was an aggravated felony, but final charge was a misdemeanor and that as a result, nothing in the record indicated that removal was certain in that case); *Ex parte Diaz*, 10-10-00344-CR, 2011 WL 455273, *1 (Tex.App.--Waco Feb. 9, 2011, no pet.)(mem. op., not designated for publication)(denying habeas relief where trial counsel testified that he advised defendant that "I explained to him that there was a significant chance that he could be deported as a result of his felony conviction."); *Ex parte Martinez*, 13-10-00390-CR, 2011 WL 2976863 (Tex.App.--Corpus Christi July 21, 2011)(mem. op., no designated for publication), *vacated and remanded*, 2012 WL 1868492 (Tex.Crim.App. May 16, 2012)(remanding for additional consideration as to whether defendant was advised about automatic deportation for offense); *Ex parte Elhaj*, 02-11-00054-CR, 2011 WL 4008118 (Tex.App.--Fort Worth Sept. 8, 2011, pet. ref'd)(mem. op.)(noting difference in advising defendants of immigration consequences in misdemeanor versus felony cases); *State v. Golding*, 01-10-00685-CR, 2011 WL 2732579 (Tex.App.--Houston [1st Dist.] July 14, 2011, pet. ref'd)(mem. op. on reh'g)(holding on rehearing that approval of defendant's naturalization petition eliminated the basis for his request for habeas relief and rendered it moot, vacating judgment, and dismissing habeas application).

10

*Strickland* analysis, we overrule the State's sole point of error.[6]

**CONCLUSION**

As the habeas court did not err in its *Strickland* analysis, we overrule the State's objection and the habeas court's grant of Appellee's writ is affirmed.

August 1, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)

---

[6] Because we find no error under *Strickland*, we do not address the arguments concerning the retroactivity of *Padilla* raised by the parties.