COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| | § | No. 08-22-00115-CR |
| | § | Appeal from the |
| EX PARTE: ADAM PORRAS | § | 106th Judicial District Court |
| | § | of Gaines County, Texas |
| | § | (TC# 22-5803) |

**MEMORANDUM OPINION**

This is an appeal of the trial court's order denying Appellant's pretrial application for writ of habeas corpus seeking a bond reduction. We dismiss this appeal as moot.[1]

Appellant failed to timely file an Appellant's Brief or a motion for extension of time to file same. Accordingly, on August 31, 2022, we issued a letter to Appellant directing him to file an extension motion and his brief within ten days. When Appellant failed to do so, we abated this appeal and remanded the case to the trial court to conduct a hearing to determine whether Appellant wished to pursue the appeal and whether he had been deprived of effective assistance of counsel. The trial court conducted the hearing and entered findings, concluding that, following a bargained-

---

[1] This case was transferred from our sister court in Eastland (11th District) pursuant to the Texas Supreme Court's docket equalization efforts. *See* TEX.GOV'T CODE ANN. section 73.001. We follow the precedent of the Eastland Court of Appeals to the extent they might conflict with our own. *See* TEX.R.APP.P. 41.3.

for guilty plea—wherein Appellant pleaded guilty to lesser-included offenses of two of the charged counts in exchange for dismissal of all remaining counts—Appellant no longer desired to pursue this appeal. The trial court also found Appellant had not been deprived of effective assistance of counsel.

Where appellant has been convicted of the underlying offenses, or the offenses have been dismissed, his appeal from the pretrial habeas application for a reduction of bond becomes moot. *See Saucedo v. State*, 795 S.W.2d 8, 9 (Tex.App—Houston [14th Dist.] 1990, no pet.)(finding issues regarding appellant's pretrial restraint rendered moot by entry of his guilty plea to the underlying criminal offense because he is now confined based on judgment and sentence, not on the complained-of process underlying his original detention); *State v. Golding*, 398 S.W.3d 745, 747 (Tex.App.—Houston [1st Dist.] 2011, pet. ref'd)(legal issues raised in habeas application are rendered moot where the premise of habeas application is "destroyed by subsequent developments"); *Duggan v. State*,No. 01-90-00379-CR, 1991 WL 67006, at *1 (Tex.App.—Houston [1st Dist.] May 2, 1991, no pet.)(per curiam)(not designated for publication)(dismissing as moot pretrial habeas writ seeking bond reduction where appellant pleaded guilty to the underlying offenses).

We adopt the trial court's findings and dismiss this appeal as moot.

YVONNE T. RODRIGUEZ, Chief Justice

October 26, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.

2