**Opinion issued June 20, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00568-CR

———————————

## EX PARTE DOMONIQUE MURDOCK

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1826566**

## MEMORANDUM OPINION

Appellant Domonique Murdock appeals from the trial court's denial of his application for writ of habeas corpus. The State of Texas has filed a motion to dismiss the appeal as moot. Murdock has not filed a response. Because we agree that the appeal is moot, we grant the State's motion and dismiss the appeal.

## Background

Murdock pleaded guilty to the second-degree felony offense of possession of a controlled substance. Consistent with a plea agreement between him and the State, the trial court accepted Murdock's guilty plea, deferred a finding of guilt, and signed a deferred-adjudication order placing him on community supervision for two years. Murdock signed the document containing the conditions of his community supervision and acknowledged that the trial court could modify the conditions.

As part of his plea agreement, Murdock agreed to participate in a Texas Risk Assessment System evaluation and abide by its recommendations. Murdock underwent the assessment, which recommended that he attend residential treatment at a substance abuse treatment facility (SATF). Based on the recommendation, the trial court modified the conditions of Murdock's community supervision by adding a condition requiring Murdock to attend residential treatment at SATF. The trial court ordered Murdock to remain at SATF "under custodial supervision until discharged from the program." The trial court remanded Murdock into custody pending transfer to SATF.

Murdock filed an application for writ of habeas corpus to challenge the addition of the condition requiring him to attend residential treatment. Murdock asserted that the modification "violated his original plea agreement." *See* TEX. CODE CRIM. PROC. art. 11.072, § 1 (establishing "the procedures for an application for a

writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision"). Following an evidentiary hearing at which Murdock testified, the trial court denied the requested habeas relief. This appeal followed. *See id.* art. 11.072 § 8 (permitting appeal from denial of habeas application).

On appeal, Murdock asserted that he was entitled to habeas relief because the trial court erred by adding the condition requiring him to attend residential treatment. We abated the appeal and remanded for the trial court to enter written findings of fact and conclusions of law regarding its denial. *See id.* art. 11.072, § 7(a). A supplemental clerk's record was filed in this Court containing the trial court's findings and conclusions, and the appeal was reinstated.

An email from the court liaison officer to the State's attorney was attached as an exhibit to the trial court's findings and conclusions. The email indicated that Murdock entered SATF shortly after this appeal was filed and that he had been released after a four-month stay. The trial court found that, since the hearing on Murdock's habeas application, Murdock was "released from SATF custody." Based on the finding, the trial court concluded that Murdock's "writ claim is now moot."

In its motion to dismiss, the State asserts that "[t]he trial court's conclusion is correct" because Murdock "is no longer restrained by the condition [of community supervision] he complained of" in his habeas application. We agree.

3

## Discussion

"Habeas corpus is by definition an extraordinary writ in which the restraint of one's liberty is challenged as illegal." *McGuire v. State*, 493 S.W.3d 177, 207–08 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (quoting *Saucedo v. State*, 795 S.W.2d 8, 9 (Tex. App.—Houston [14th Dist.] 1990, no pet.)). When "the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot." *State v. Golding*, 398 S.W.3d 745, 747 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). "We cannot give any opinion on the merits underlying a moot habeas petition because such an opinion 'would be advisory only.'" *McGuire*, 493 S.W.3d at 208 (quoting *Saucedo*, 795 S.W.2d at 9).

Here, the habeas application challenged the condition of community supervision requiring Murdock to receive residential treatment at SATF. The supplemental clerk's record shows that he attended treatment at SATF and was released from the facility. Murdock's release from SATF eliminated the basis for the requested habeas relief and rendered the issue moot. *See Golding*, 398 S.W.3d at 747.

## Conclusion

We grant the State's motion to dismiss and dismiss the appeal as moot.

## PER CURIAM

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).