# Court of Appeals
## Tenth Appellate District of Texas

10-23-00135-CR

Ex parte Troy Daniel Thoele,
Appellant

On appeal from the
85th District Court of Brazos County, Texas
Judge Kyle Hawthorne, presiding
Trial Court Cause No. 11-03883-CRF-85

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## MEMORANDUM OPINION

Troy Thoele appeals the trial court's denial of his article 11.072 application for writ of habeas corpus in which he sought relief from his ten-year suspended sentence for the offense of possession of child pornography.

## A. Background

In April 2012, Thoele pleaded guilty to 50 counts of the third-degree felony offense of possession of child pornography and was sentenced to concurrent ten-year prison sentences in 48 of the counts. *See* TEX. PEN. CODE ANN. § 43.26(a). In one of the two remaining counts, Thoele was sentenced to an additional five years in prison that was ordered to run consecutively to the

48 ten-year prison sentences. Additionally, Thoele was sentenced to ten years in prison on the remaining count, however the sentence was suspended for ten years. The suspended sentence was ordered to run consecutively to all other counts.

Following his conviction, Thoele appealed to this Court, and this Court affirmed the trial court's judgment. *See Thoele v. State*, Nos. 10-12-00171-CR, 10-12-00172-CR, 10-12-00173-CR, 10-12-00174-CR, 10-12-00175-CR, 2012, 2012 WL 5696428 (Tex. App.—Waco Nov. 15, 2012, pet. ref'd) (mem. op., not designated for publication). In November 2022, Thoele filed an article 11.072 application for writ of habeas corpus with the trial court, seeking to challenge his conviction in count three of trial court cause number 11-03883-CRF-272. *See* TEX. CODE CRIM. PROC. art. 11.072.

Thoele alleged in his application that he is being illegally restrained primarily because the terms and conditions of his probation were improperly imposed. Thoele also alleged that the trial judge was biased and failed to consider the entire range of punishment. In April 2023, the trial court entered an order denying Thoele's requested relief that included findings of fact and conclusions of law. In five issues, Thoele challenges the trial court's denial of his application for writ of habeas corpus. We will affirm the trial court's order denying Thoele's application.

## B. Authority

A person convicted of a felony or misdemeanor may seek habeas "relief from an order or judgment of conviction ordering community supervision." TEX. CODE CRIM. PROC. art. 11.072, § 1.  At the time of filing the application, the person "must be, or have been, on community supervision, and the application must challenge the legal validity of: (1) the conviction for which or order in which community supervision was imposed; or (2) "the conditions of community supervision." *Id*. art. 11.072, § 2(b).  The trial court "may order affidavits, depositions, interrogatories, or a hearing, and may rely on the court's personal recollection." *Id*. art. 11.072, § 6(b).  The person seeking habeas relief must prove, "by a preponderance of the evidence, the facts that would entitle him to relief."  *Ex Parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016).  The trial judge is the sole finder of fact in an application filed pursuant to Article 11.072.  *Ex Parte Torres*, at 42.

Appellate courts review a trial court's ruling on an application for writ of habeas corpus under an abuse-of discretion standard.  *Ex parte Zantos-Cuebas*, 429 S.W.3d 83, 87 (Tex. App.—Houston [1st Dist.] 2014, no pet.).  "[W]e afford almost total deference to a trial court's factual findings when they are supported by the record, especially when those findings are based upon credibility and demeanor." *Ex Parte Torres*, at 42.  Appellate courts review the record evidence in the light most favorable to the trial court's ruling and uphold

that ruling absent an abuse of discretion. *Ex Parte Vasquez*, 499 S.W.3d 602, 606 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd). "[I]f the resolution of the ultimate question turns only on the application of legal standards, the appellate court reviews those determinations *de novo.*" *Diamond v. State*, 613 S.W.3d 536, 545 (Tex. Crim. App. 2020). We "review *de novo* the trial court's resolution of mixed questions of law and fact that do not turn on witness credibility." *Ex parte Beck*, 541 S.W.3d 846, 852 (Tex. Crim. App. 2017).

## C. Issue One

In his first issue, Thoele contends that the terms and conditions of his community supervision are invalid because his fingerprint was not affixed as required by art. 42.01, § 1 (23) of the Code of Criminal Procedure and because the trial court unilaterally imposed the terms and conditions without securing Thoele's signature acknowledging Thoele's receipt of same which amounted to a denial of due process.

The State argues that Thoele's first issue is moot because any potential error was cured by the trial court when Thoele was provided with a copy of the terms and conditions of his community supervision during a status hearing held on December 7, 2022. Moreover, after the hearing Thoele signed an acknowledgement that he had received the conditions of his community supervision and agreed to abide by the conditions.

"Where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are rendered moot." *State v. Golding*, 398 S.W.3d 745, 747 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) (quoting *Saucedo v. State*, 795 S.W.2d 8, 9 (Tex. App.—Houston [14th Dist.] 1990, no pet.)

We dismiss Thoele's first issue.

### D. Issue Two

In his second issue, Thoele contends that the capias issued for his arrest by the trial court on the State's motion to revoke lacked probable cause. The State argues Thoele failed to raise this issue in the trial court by way of his amended application for habeas corpus. There is nothing in the record before us that reflects that Thoele raised this issue in the trial court of which he now complains on appeal.

"Generally, error must be presented at trial with a timely and specific objection, and any objection at trial which differs from the complaint on appeal preserves nothing for review." *Sterling v. State*, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990). Here, Thoele has preserved nothing for review.

We overrule Thoele's second issue.

### E. Issue Three

In Thoele's third issue, he contends that the trial court was biased, that his attorney provided ineffective assistance, and that he was the victim of prosecutorial misconduct.

1. Alleged Bias

Thoele alleges the trial court "demonstrated extreme bias by intentionally refusing for [Thoele] to be heard" during the status hearing in December 7, 2022. The record before us reflects that the trial judge's stated primary purpose for the status hearing was to give Thoele a copy of the judgment granting probation and a copy of Thoele's terms and conditions of probation. Thoele received copies of both during the status hearing. The trial court stated that he did not want to get into the details of Thoele's probation and that those type of issues needed to be worked out with "probation." The trial court added that "if you need to modify the conditions of probation in some way, fashion, or form to meet whatever situation he's dealing with as far as being supervised out in Harris County or not, then y'all can come back to the Court on that." Despite the trial court's intended purpose of the hearing, Thoele asked to address the trial court, and the following transpired:

> THOELE: May I address the Court, Your Honor?
>
> TRIAL COURT: I would suggest you do it through your attorney.
>
> THOELE: I'm currently on parole down there in Harris County. I'm being supervised by Harris County parole, have sex offender classes and all the other -- polygraphing and everything else. This

is duplicative of them. I'm already taking classes and everything else.

DEFENSE COUNSEL: So how long are you on parole?

THOELE: Two years, eight months.

TRIAL COURT: And that's one of the things – I think I was made aware of that, and y'all can if –

DEFENSE COUNSEL: That could count towards the work here.

TRIAL COURT: Could.

DEFENSE COUNSEL: Yeah.

TRIAL COURT: So -- but that's what we need to get down into the details of what it is that he's doing down in Harris County on parole, what he has to do here to see if, "Okay that will satisfy, won't satisfy" and then deal with it from that perspective. It may be -- we may be talking about something that's moot. I don't know.

DEFENSE COUNSEL: Yes, sir. Yes, sir.

TRIAL COURT: But then come back here so that we've got a better detail of -- through probation of what exactly's going on, what he's dealing with down there, other issues that may come up as to him coming back up here if he -- if that's what the conditions of probation say, and then we can adjust those accordingly as necessary. And if you can't reach an agreement on that, come back to Court; and the Court will make a decision.

Later in the hearing, Thoele again attempted to addressed the trial court about matters not the subject of the trial court's stated purpose of the hearing, and the following transpired:

THOELE: And I do have one objection to the conditions.

DEFENSE COUNSEL: Well, okay. Go ahead.

TRIAL COURT: Well – y'all have to bring that up at a different time. Alls I wanted to do today was to give you the conditions of your probation as they sit right now. At any point in time you can attempt to modify them, take whatever course of action you feel like is necessary; but it's got to be set for a hearing and we're not set for that today.

THOELE: I understand.

No objection was lodged in the trial court that Thoele was denied his right to be heard. However, we decline to decide today whether an objection is required to preserve an error of this nature on appeal because the record here does not reflect bias on the part of the trial court. *See Brumit v. State*, 206 S.W.3d 639, 644 (Tex. Crim. App. 2006). To prove bias, Thoele must show a deep-seated favoritism or antagonism that would make fair judgment impossible. *See Abdygapparova v. State*, 243 S.W.3d 191, 198 (Tex. App.—San Antonio 2007, pet. ref'd). Absent a clear showing of bias, a trial court's actions will be presumed to have been correct. *See Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006).

Here, the hearing was clearly limited in scope and the trial court made it clear that it would afford Thoele the opportunity to have a hearing in the future to address any objections to the terms and conditions of his probation after Thoele met with probation. Because a trial court's inherent power includes broad discretion over the conduct of its proceedings, we conclude that the record does not clearly demonstrate bias and that Thoele has not overcome

the presumption that the trial court acted correctly. *See State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 199 (Tex. Crim. App. 2003); *See Brumit*, 206 S.W.3d at 645.

2. Alleged Ineffective Assistance of Counsel

Next, Thoele alleges his attorney provided ineffective assistance at the status hearing because his attorney failed to object when the prosecutor allegedly breached an agreement that had been reached between Thoele and the State.

"Under *Strickland v. Washington*, a defendant seeking to challenge counsel's representation must establish that his counsel's performance (1) was deficient, and (2) prejudiced his defense." *Smith v. State*, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984)). To show deficiency, a defendant must prove by a preponderance of the evidence that his counsel's representation objectively fell below the standard of professional norms. *Id.* And to show prejudice, a defendant must show there is a reasonable probability that, but for his counsel's professional errors, the result of the proceeding would have been different. *Id.* "Reasonable probability is a probability sufficient to undermine confidence in the outcome, meaning counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* (internal quotes omitted). A defendant must overcome the strong presumption

that trial counsel's decisions and actions fell within a wide range of professional and reasonable assistance. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). When the record is silent, as in this case, regarding the reasons for counsel's conduct, a finding that counsel was ineffective requires impermissible speculation by the appellate court. *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Thus, absent specific explanations for counsel's decisions, a record on appeal will rarely contain sufficient information to evaluate or decide an ineffective-assistance-of-counsel claim. *See Bone*, 77 S.W.3d at 833. To warrant reversal without affording counsel an opportunity to explain his actions, "the challenged conduct must be 'so outrageous that no competent attorney would have engaged in it.'" *Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

The record before us is completely silent as to counsel's strategy in the trial court. A record such as this cannot adequately reflect the failings of counsel sufficiently enough for an appellate court to fairly evaluate the merits

of such a serious allegation. *See Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011).

Accordingly, we cannot say that Thoele has established that his trial counsel was ineffective. *See Smith*, 286 S.W.3d at 339–41.

3. Alleged Prosecutorial Misconduct

Next, Thoele alleges he was the victim of prosecutorial misconduct when the prosecutor breached his agreement with Thoele. The State argues Thoele failed to raise this issue in the trial court. There is nothing in the record before us that reflects that Thoele raised the issue in the trial court of which he now complains on appeal.

"Generally, error must be presented at trial with a timely and specific objection, and any objection at trial which differs from the complaint on appeal preserves nothing for review." *Sterling v. State*, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990). Here, Thoele has preserved nothing for review.

We overrule Thoele's third issue.

### F. Issue Four

In Thoele's fourth issue, he contends that "the trial court unilaterally imposed a "Child Safety Zone" without making the required determination that a person under 17 years of age was the "victim" of [Thoele's] offense."

Again, the State argues Thoele failed to raise this issue in the trial court or by way of his amended application for habeas corpus, and there is nothing

in the record before us that reflects that Thoele raised the issue of which he now complains. "Generally, error must be presented at trial with a timely and specific objection, and any objection at trial which differs from the complaint on appeal preserves nothing for review." *Sterling v. State*, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990). Here, Thoele has preserved nothing for review.

We overrule Thoele's fourth issue.

## G. Issue Five

In Thoele's fifth issue, he contends "[t]he original trial court failed to consider the entire punishment range and imposed a predetermined sentence, violating due process."

Thoele argues that Judge Bryan, who has since retired, imposed a predetermined sentence. To support his argument, Thoele references another case in which Judge Bryan on a prior occasion sentenced an individual who was charged with multiple counts of possession of child pornography to ten, five, and ten years in the penitentiary, all consecutive, and suspended the sentence in the last ten-year sentence. Thoele contends that because the sentences were the same in this case and the previous case that Judge Bryan failed to consider the entire range of punishment and imposed a predetermined sentence.

The State directs us to Article 11.072, § 3(a) of the Code of Criminal Procedure which reads "An application may not be filed under this article if

the applicant could obtain the requested relief by means of an appeal under Article 44.02 and Rule 25.2, Texas Rules of Appellate Procedure." TEX. CODE CRIM. PRO. ANN. art. 11.072, § 3(a). The State contends that Thoele was required to raise his allegation that Judge Bryan failed to consider the entire punishment range on direct appeal. However, the right to be "sentenced by a judge who considers the entire range of punishment" is a waivable-only right that is not subject to procedural default and may be raised by writ of habeas corpus. *See Grado v. State*, 445 S.W.3d 736, 737 (Tex. Crim. App. 2014); *see also Ex parte Brown*, 158 S.W.3d 449, 453–54 (Tex. Crim. App. 2005) (necessity to marshal additional evidence outside the trial court record to show bias).

A trial court denies a defendant due process when it arbitrarily refuses to consider the entire range of punishment or imposes a predetermined punishment. *Grado*, 445 S.W.3d at 739; *Brown*, 158 S.W.3d at 456. Absent a clear showing of bias, a trial court's actions will be presumed to have been correct. *See Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). A trial judge is given wide latitude to determine the appropriate sentence in a given case. *Tapia v. State*, 462 S.W.3d 29, 46 (Tex. Crim. App. 2015).

The range of punishment was two to ten years in each of the fifty counts to which Thoele pleaded guilty. We cannot step into the shoes of Judge Bryan and substitute our judgment for his unless Judge Bryan clearly abused his discretion. There is no evidence in the record before us that Judge Bryan

arbitrarily refused to consider the entire range of punishment or imposed a predetermined punishment. We overrule Thoele's fifth issue.

We hold that the trial court did not err in denying Thoele's first amended application for writ of habeas corpus. We therefore affirm the order of the trial court.

_____

MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED: July 17, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
Do Not Publish
CRPM

