ACCEPTED
01-15-00250-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
6/30/2015 11:11:29 PM
CHRISTOPHER PRINE
CLERK

**NO. 01-15-00250-CR**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

6/30/2015 11:11:29 PM

CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS

FOR THE FIRST SUPREME JUDICIAL DISTRICT

OF TEXAS AT HOUSTON

EX PARTE JULIO GIALITO ARUIZU

**BRIEF FOR APPELLANT**

**ORAL ARGUMENT REQUESTED**

Lance Nguyen
State Bar No. 24010266
3303 Main Street, #303
Houston, TX 77002
Lancehac2@gmail.com
Tel: (281)650-0702;
       (281) 999-5111
Fax: (281) 786-3379
ATTORNEY FOR APPELLANT

## IDENTITIES OF PARTIES AND COUNSEL

Pursuant to the TEXAS RULES OF APPELLATE PROCEDURE, Appellant herewith states that the **corrected** names of Appellee and her counsel to this appeal are:

NAME OF PARTY:

Julio Gialito Aruizu, Appellant

NAME AND ADDRESS OF COUNSEL:

1. Lance Nguyen
   State Bar No. 24010266
   3303 Main Street, #303
   Houston, TX 77002
   Lancehac2@gmail.com
   Tel: (281) 650-0702;
       (281) 999-5111
   Fax: (281) 786-3379

The State of Texas, Appellee

1. Devon Anderson
   Harris County District Attorney
   1201 Franklin Street, Suite 600
   Houston, TX 77002
   Tel: (713) 755-5846

## RECORD REFERENCES

For purposes of convenience, citations to the appellate record will be in this form:

1. Citations to the Reporter's Record, volume, page number, and line, respectively:

"R.R.(volume), p. ____, ln. ____."

2. Citations to the Clerk's Record and page number, respectively: "C.R. p. ____."

3. Citations to the Exhibit number and page, respectively: "Exh.# ____, p. ____."

# TABLE OF CONTENTS

NAMES OF PARTIES ………………………………………………………….......….........… ii

TABLE OF CONTENTS ………………...…………………………………………….......… iii-iv

INDEX OF AUTHORITIES …………...……………………………………………….......v-vi

      Cases ………………………………………………………………….....................v-vi

      Statutes ………...............………………………………...…………………….......  vi

STATEMENT OF THE CASE …………………………………………………….......…..... 2

ISSUES PRESENTED .............................................................................................. 2

STATEMENT OF FACT …………………………………………………………………. 2-3

STANDARD OF REVIEW …………………………………………………………….. 3-4

SUMMARY OF ARGUMENT ….…………………………………………………….......... 4-5

ARGUMENT AND AUTHORITIES ...............…….................................................... 5-15

**Actual Innocence claim(s):**

I.     THE TRIAL COURT ERRED BY DENYING APPELLANT'S APPLICATION

FOR WRIT OF HABEAS CORPUS EVEN THOUGH APPELLANT IS INNOCENT.

      A.    Appellant's *Herrera-type* claim of innocence is supported by the record.

      B.    Alternatively, Appellant's *Schlup-type* claim of innocence is supported by the

record *coupled with* trial counsel's deficient performance.

**Ineffective Assistance of Counsel:**

II.    THE TRIAL COURT ERRED BY DENYING APPELLANT'S APPLICATION FOR

WRIT OF HABEAS CORPUS EVEN THOUGH TRIAL COUNSEL RENDERED

INEFFECTIVE ASSISTANCE OF COUNSEL.

A.　　Trial counsel's representation was deficient because he completely abdicated his duty to investigate the case, did not assert any available defenses, and rendered incompetent advice to Appellant; and

B.　　Trial counsel's deficient performance prejudiced Applicant because it is "reasonably probable" that Applicant would have decided to go to trial instead of pleading "Guilty."

PRAYER ……….....................………….………….………….……….....…......................... 15

CERTIFICATE OF SERVICE  ....................................................................................... 16

# INDEX OF AUTHORITIES

## Cases

U.S. Supreme Court Case:

Schlup v. Delo, 513 U.S. 314 (1995) ................................................................ 4, 7, 8,

Herrera v. Collins, 506 U.S. 390 (1993) .........................................................  4

Murray v. Carrier, 477 U.S. 478, 496 (1986) .......................................... 10

Strickland v. Washington, 466 U.S. 668 (1984) ...................................... 9, 13

United States v. Cronic, 466 U.S. 648 (1984)  .......................................... 8, 9


Federal Court of Appeals:

Nealy v. Cabana, 764 F.2d 1173, 1177 (5th Cir. 1985) ....................................... 11


Texas Court of Criminal Appeals Cases:

Ex parte Scott, 190 S.W.3d 672 (Tex.Crim.App. 2006) ...................................... 3, 5, 9

Ex parte Franklin, 72 S.W.3d 671, 675 (Tex.Crim.App. 2002) ........................... 5

Thompson v. State, 9 S.W.3d 808, 812 (Tex.Crim.App. 1999) ........................... 9

Kober v. State, 988 S.W.2d 230, 232 (Tex.Crim.App. 1999) .............................. 13

Ex parte Morrow, 952 S.W.2d 530, 536 (Tex.Crim.App. 1997) .......................... 13

Ex parte Elizondo, 947 S.W.2d 202, 208 (Tex.Crim.App. 1996) ........................ 3, 5, 7

McFarland v. State, 928 S.W.2d 482, 501 (Tex.Crim.App. 1996) ...................... 10

State ex rel. Holmes v. Third Court of Appeals, 885 S.W.2d 389 (Tex.Crim.App. 1994) .

...................... 5

Jackson v. State, 877 S.W.2d 768, 77-771 (Tex.Crim.App. 1994) .................... 9

Ex parte Menchaca, 854 S.W.2d 128, 132 (Tex.Crim.App. 1993) ..................... 9

Vasquez v. State, 830 S.W.2d 948 (Tex.Crim.App. 1992) ................................ 12

Ex parte Welborn, 785 S.W.2d 391, 393 (Tex.Crim.App. 1990) ....................... 11

Ex Parte Cruz, 739 S.W.2d 53, 58 (Tex.Crim.App. 1987) ................................ 9

Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) ....................... 9

Butler v. State, 716 S.W.2d 48, 54 (Tex.Crim.App. 1986) ............................... 10, 12

Ex parte Dunham, 650 S.W.2d 825, 827 (Tex.Crim.App. 1983) ...................... 10

Ex parte Ybarra, 629 S.W.2d 943 (Tex.Crim.App. 1982) ................................ 11, 12

Passmore v. State, 617 S.W.2d 682, 686 (Tex.Crim.App. 1981) ..................... 9

Ex parte Duffy, 607 S.W.2d 507, 514-15 (Tex.Crim.App. 1980) ..................... 8, 10

Ex parte Burns, 601 S.W.2d 370 (Tex.Crim.App. 1980) .................................. 13


Texas Court of Appeals Cases:

Salazar v. State, 361 S.W.3d 99 (Tex. App. - Eastland 2011, no pet. h.) ...…… 4, 13, 14

Ex parte Romero, 351 S.W.3d 127 (Tex. App.—San Antonio 2011, no pet. h.) ........... 4

Menefee v. State, 175 S.W.3d 500 (Tex.App. – Beaumont 2005, no pet. h.) ..... 10

Ex Parte Tuley, 109 S.W.3d 388, 390 (Tex.Crim.App. 2002) .......................... 5, 6, 7

Melancon v. State, 66 S.W.3d 375 (Tex.App. – Houston [14 Dist.] 2000) ..... 11

Ramirez v. State, 987 S.W.2d 938, 945 (Tex.App. — Austin 1999) ............... 10

## Statutes and Rules

TEX. PENAL CODE ANN. §12.21, §22.01 (a)(1), (b) (Vernon 2010) …..… 14

## NO. 01-15-00250-CR

IN THE COURT OF APPEALS

FOR THE FIRST SUPREME JUDICIAL DISTRICT

OF TEXAS AT HOUSTON

EX PARTE JULIO GIALITO ARUIZU

ON APPEAL FROM THE COUNTY CRIMINAL COURT

AT LAW NO. 7, HARRIS COUNTY, TEXAS

TRIAL COURT CAUSE NO. <u>1943590</u>

**BRIEF FOR APPELLANT**

JULIO GIALITO ARUIZU

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW, Appellant, Julio Gialito Aruizu, Applicant (for habeas corpus relief) in the trial court and respectively submits his brief in this appeal.

## STATEMENT OF THE CASE

On February 03, 2015, the trial court – County Criminal Court at Law #7 – held a hearing on Appellant's Application for Writ of Habeas Corpus. Appellant's request for habeas relief was based on 1. actual innocence claims (*Herrera-type* and *Schlup-type*) and 2. ineffective assistance of counsel. The trial court took evidence by Affidavits and exhibits. Appellant's three Affidavits previously filed with the trial court were judicially noticed. The State's Exhibits #A-F, attached to its filed pleading was admitted into evidence. The trial court denied the application for habeas corpus relief immediately after the hearing. Appellant timely appealed that ruling and any related Findings of Fact and Conclusions of Law.

## ISSUES PRESENTED

1. Did the trial court abuse its discretion by denying Appellant's Application for Writ of Habeas Corpus when the record supports Appellant's actually innocence under either a *Herrera-type* and *Schlup-type* claim?

2. Did the trial court abuse its discretion by denying Appellant's Application for Writ of Habeas Corpus when the record demonstrates that trial counsel performed below the reasonable standard of care and Appellant was thereby prejudiced, by pleading guilty and foregoing a jury trial?

## STATEMENT OF FACT

On or about May 04, 2002, Appellant was arrested by local police. State's EXH. A. The charged offense was for assault - family member. *Id.*

Appellant retained Manuel Barrera as trial counsel. *Id..* On July 17, 2002, Appellant pleaded guilty and was sentenced to 15 days Harris County Jail, 2 days credit. *Id.*

Appellant hired the undersigned counsel on or about February 18, 2014, to investigate the factual events and case representation related to May 2004 (sic). C.R. p. 41. The writ was subsequently filed after the undersigned counsel's investigation into the 2002 case.

On June 25, 2014, the trial court ordered previous trial counsel to file responses to an Order Designating Issues and Filing Affidavit. State's EXH. F. Previous trial counsel did not file a responsive Affidavit until September 09, 2014. State's EXH. B. A subpoena was issued and served on previous trial counsel to appear on September 10, 2014. State's EXH. E.

On February 03, 2015, the trial court conducted its hearing on this writ. The trial court summarily denied the writ.

This appeal followed.

### STANDARD OF REVIEW

The Applicant for a writ of habeas corpus based on ineffective assistance of counsel must show that there is a "reasonable probability," one sufficient to undermine confidence in the result, that the outcome would have been difference but for his trial counsel's deficient performance. **Ex parte Scott**, 190 S.W.3d 672 (Tex.Crim.App. 2006).

A *Herrera*-type actual innocence claim must be supported by clear and convincing evidence that no reasonable juror would have convicted the applicant in light of the new evidence. **Ex parte Elizondo**, 947 S.W.2d 202, 208 (Tex.Crim.App. 1996).

On the other hand, in a *Schlup-type* actual innocence claim is a procedural-type claim where an applicant must prove that, in light of newly discovered evidence, the constitutional error (e.g., trial counsel's deficient performance) "probably" resulted in a conviction of one who was actually innocent. **Elizondo**, 947 S.W.2d at 209. (parenthetical added)

3

In reviewing the trial court's ruling on a habeas corpus application, the record evidence is reviewed in the light most favorable to the trial court's ruling, and that ruling must be upheld absent an abuse of discretion. The trial court abuses its discretion when it acts without reference to any guiding rules or principles, or in other words, whether the trial court acted arbitrarily or unreasonably. A trial court abuses its discretion when its decision lies outside of the zone of reasonable disagreement. *Id.*; *See also, e.g.,* **Ex parte Romero**, 351 S.W.3d 127 (Tex. App.— San Antonio 2011, no pet. h.); **Salazar v. State**, 361 S.W.3d 99, 102(Tex. App. - Eastland 2011, no pet. h.).

## SUMMARY OF ARGUMENT

Order denying habeas corpus relief.

A trial judge has discretion in ruling whether to grant an application for habeas corpus relief. However, the record of the habeas hearing demonstrates that Appellant had presented sufficient proof for habeas relief pursuant to **Schlup v. Delo**, 513 U.S. 314 (1995) and **Herrera v. Collins**, 506 U.S. 390 (1993). In particular, the combined Affidavits of Juana Maria Lerma (the Complainant in the trial court), Edgar Lerma (eye witness), and Julio Gialito Aruizu (Applicant) are direct, clear, and corroborative of the facts and events forming the basis for the underlying criminal offense. *See, generally,* C.R. p. 29-42 (Affidavits). The overall effect of the three affidavits demonstrates Applicant's actual innocence of the charged crime.

Additionally, previous trial counsel rendered deficient performance in representing Applicant as follows: trial counsel did not investigate any aspect of the case, did not attempt to contact or interview the Complainant and eye witness to the facts and alleged criminal event, did not formulate or discuss any defense theories or alternatives to Applicant; in sum, the record shows that the only affirmative act of trial counsel was to advise Applicant that "[Applicant] had

4

a good job, it was a good judge, and if [Applicant] wanted to defend the case or go to trial that [Applicant] would be in court many times, and that [Applicant's] boss would probably get mad and fire [Applicant]." *Id.* at 40. Based on the foregoing shortcomings and misguided advice of trial counsel, Applicant pleaded "Guilty" to the charged offense.

ARGUMENT

**Actual Innocence claim(s):**

I.      THE TRIAL COURT ERRED BY DENYING APPELLANT'S APPLICATION FOR WRIT OF HABEAS CORPUS EVEN THOUGH APPELLANT IS INNOCENT.

Claims of actual innocence are cognizable on habeas relief. **Ex parte Elizondo**, 947 S.W.2d 202 (Tex.Crim.App. 1996); **State ex rel. Holmes v. Third Court of Appeals**, 885 S.W.2d 389 (Tex.Crim.App. 1994). Claims of actual innocence are categorized as *Herrera-type* or *Schlup-type* claims. **Ex parte Scott**, 190 S.W.3d 672 (Tex.Crim.App. 2006); **Ex parte Franklin**, 72 S.W.3d 671, 675 (Tex.Crim.App. 2002) (citing **Schlup v. Delo**, 513 U.S. 298, 314 (1995)).

These two types of actual innocence claims may be raised in a collateral attack on a conviction. **Ex Parte Tuley**, 109 S.W.3d 388, 390 (Tex.Crim.App. 2002). A bare innocence claim, or *Herrera-type* claim, "involves a substantive claim in which applicant asserts his bare claim of innocence based solely on newly discovered evidence." **Ex parte Franklin**, at 675 (Tex.Crim.App. 2002) (citing **Schlup v. Delo**, 513 U.S. 298, 314, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); **Elizondo**, at 208). The other actual innocence claim, a *Schlup-type* claim, "is a *procedural claim* in which applicant's claim of innocence does not provide a basis for relief, but is tied to a showing of constitutional error at trial." Ibid. (citing **Schlup**, 513 U.S. at 314, 115 S.Ct. 851) (emphasis added).

5

A.     Appellant's *Herrera-type* claim of innocence is supported by the record.

A *Herrera-type* claim is a free-standing, bare (actual) innocence claim. **Ex Parte Tuley**, 109 S.W.3d 388, 390 (Tex.Crim.App. 2002). This type of claim "involves a substantive claim in which (the) Applicant assert his bare claim of innocence based solely on newly discovered evidence." **Elizondo**, 947 S.W.2d at 208. Relief based on this "newly discovered evidence" is established by clear and convincing evidence. *Id.* at 209 . That is, no reasonable juror would have convicted the Applicant in light of the new evidence. *Id*. To determine whether a habeas Applicant has reached this level of proof, the convicting court weights the evidence of Applicant's guilt against the new evidence of innocence. *Id.* at 207.

In this case, Applicant presented the Affidavits of the Juana Maria Lerma (the Complainant in the trial court) and Edgar Lerma (eye witness), as well as him own Affidavit of facts. *See, generally,* C.R. p. 29-42. Although most of the facts contained in the Affidavits are important and support Applicant's claim of actual innocence, recitation of those facts in their entirety would be impractical. The most important facts from the three Affidavits are as follows: Juana Lerma admitted that this is the first time she has told another person (in 2014) that she lied about her report to the police in 2002, that Juana Lerma was mad at Applicant because another woman had called the house telephone, that Applicant never assaulted or hurt her, that the eyewitness Edgar Lerma could hear and see the events unfold between Juana Lerma and Applicant, that Edgar Lerma heard only Juana Lerma yell at Applicant, that Edgar Lerma did not see or hear any assault take place in 2002. Applicant's Affidavit, although arguably can be biased, is credible when read and understood within the entire context of the Affidavits of Juana Lerma and Edgar Lerma.

6

Taken as a whole, the three Affidavits are clear, direct, corroborative, and credible new evidence that Applicant did not assault Juana Lerma.  See, generally, **Elizondo**, 947 S.W.2d at 207-09*; See also*, **Ex Parte Tuley**,109 S.W.3d 388 (Tex.Crim.App. 2002) (citing **Elizondo**).

B.      Alternatively, Appellant's *Schlup-type* claim of innocence is supported by the record *coupled with* trial counsel's deficient performance.

An applicant is also entitled to relief if his claim of actual innocence is coupled with another claim of constitutional trial error, such as ineffective assistance of counsel or suppression of exculpatory evidence. An applicant has less of a burden of proof, namely the establishment of "sufficient doubt about his guilt to justify the conclusion that his [conviction] would be a miscarriage of justice unless his conviction was the product of a fair trial." ***Schlup v. Delo***, 513 U.S. 298 (1995); 30 L.Ed.2d at 828-829. If the habeas court is convinced that new facts exist raising doubt about the defendant's guilt, which are sufficient "to undermine confidence in the result of the trial without the assurance that that trial was untainted by constitutional error, [the defendant's] threshold showing of innocence would justify a review of the merits of the constitutional claims." *Id*. at 829. Texas has adopted this standard for *Schlup*-type claims**.** *E.g., Ex parte Elizondo*, 947 S.W.2d 202, 209 (Tex.Crim.App. 1996).  The actual innocence claim in ***Schlup v. Delo*** did not by itself provide a basis for relief.  Rather, "his claim depend[ed] critically on the validity of his *Strickland* (and *Brady* claims)."  **Schlup***, supra*, 130 L.Ed.2d at 828.  (Parenthetical brackets added).  This sort of actual innocence claim "is 'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" *Id*., quoting ***Herrera v. Collins***, 506 U.S. 390 (1993).

If there were no question about the fairness of the criminal trial, a *Herrera*-type claim would have to fail unless the federal habeas court is itself convinced that those new facts unquestionably establishes innocence. On the other hand, if the habeas court were merely convinced that those new facts raised sufficient doubt of guilt to undermine confidence in the result of the trial without the assurance that that trial was untainted by constitutional error, a threshold showing of innocence would justify a review of the merits of the constitutional claims. **Schlup**, 513 U.S. at 315-17.

In sum, a *Schlup-type* claim requires a lesser burden of proof than a *Herrera-type* claim. A *Schlup-type* claim is, in essence, a *Herrera-type* claim coupled with an independent trial-counsel deficient performance claim, without the required showing of prejudice.

[The discussion of newly discovered evidence and actual innocence contained in Part I(A) is incorporated as if fully set for herein. Coupled with the ineffective assistance claim contained in Part II(A), *infra,* Applicant submits his *Schup-type* claim].

**Ineffective Assistance of Counsel**:

II.     THE TRIAL COURT ERRED BY DENYING APPELLANT'S APPLICATION FOR WRIT OF HABEAS CORPUS EVEN THOUGH TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL.

Effective assistance of counsel is essential to a fair trial. **United States v. Cronic**, 466 U.S. 648 (1984). An accused's right to the effective assistance of counsel is derived from four sources: the Sixth Amendment, the Due Process Clause of the Fourteenth Amendment, the "right to be heard" provision of Article I, §10 of the Texas Constitution, and the Due Course of Law provision of Article I, §19 of the Texas Constitution. *See,* **Ex parte Duffy**, 607 S.W.2d 507, 514-15 (Tex.Crim.App. 1980).

In **Strickland v. Washington**, 466 U.S. 668 (1984), the US Supreme Court set out the standard for determining when a defendant has received ineffective assistance of counsel. The Supreme Court has articulated a two-part test for determining whether counsel is ineffective: (1) counsel committed an error or omission not justifiable as reasonable trial strategy; and (2) the error prejudiced the defendant. *Id.*; **Hernandez v. State**, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (adopting Strickland's two-prong test). In order to show that counsel was ineffective, an Applicant must show that counsel's performance was deficient, and also that the deficient performance prejudiced the defendant. *Id.* at 672. Specifically, an Applicant must show that there is a "reasonable probability," one sufficient to undermine confidence in the outcome, that the outcome would have been different but for his trial counsel's deficient performance. **Strickland**, 466 U.S. at 694; **Ex parte Scott**, 190 S.W.3d 672 (Tex.Crim.App. 2006); **Thompson v. State**, 9 S.W.3d 808, 812 (Tex.Crim.App. 1999).

The effectiveness of trial counsel's assistance is gauged by the totality of his representation. *See e.g.*, **Ex parte Menchaca**, 854 S.W.2d 128, 132 (Tex.Crim.App. 1993); **Ex Parte Cruz**, 739 S.W.2d 53, 58 (Tex.Crim.App. 1987); **Passmore v. State**, 617 S.W.2d 682, 686 (Tex.Crim.App. 1981). A reviewing court indulges in the presumption that counsel's conduct fell within the wide range of "reasonable professional assistance." **Cronic**. 466 U.S. at 698 (quoting **Michel v. Louisiana**, 350 U.S. 91, 101 (1955)). To establish ineffectiveness, counsel's representation must be shown to have fallen below an objective standard of reasonableness. **Strickland**, supra; **Jackson v. State**, 877 S.W.2d 768, 77-771 (Tex.Crim.App. 1994).

An applicant must also overcome the presumption that counsel's conduct "might be considered sound trial strategy." **Murray v. Carrier**, supra. However, **there are some**

9

**omissions which defy explanation as, and cannot be justified on the basis of, reasonable trial strategy**. **Ramirez v. State**, 987 S.W.2d 938, 945 (Tex.App. — Austin 1999); **Menefee v. State**, 175 S.W.3d 500 (Tex.App. – Beaumont 2005, no pet. h.)(there can be no reasonable trial strategy for allowing client to plead "true" to an "untrue" enhancement). **"[A]bdication of a basic threshold responsibility . . . is the antithesis of a considered strategy**." **Ex parte Dunham**, 650 S.W.2d 825, 827 (Tex.Crim.App. 1983) (emphasis added). In some instances, ineffectiveness can be shown "even by **an isolated error of counsel if that error is sufficiently egregious and prejudicial**." **Murray v. Carrier**, 477 U.S. 478, 496 (1986) (emphasis added).

A.      Trial counsel's representation was deficient because he completely abdicated his duty to investigate the case, did not assert any available defenses, and rendered incompetent advice to Appellant.

  1.   Failure to Adequately Investigate Facts of the Case.

Defense counsel has the responsibility to conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to guilt and degree of guilt or penalty. The investigation should always include efforts to secure information in the possession of the prosecution and law enforcement authorities. 'The duty to investigate exists *regardless* of the accused's information or statements to the lawyer of facts constituting guilt or his stated desire to plead guilty.' . . . [R]egardless of complications in a given case, *counsel is charged with making an independent investigation of the facts of the case*, . . . eschewing wholesale reliance in the veracity of his client's version of the facts[.] **Ex parte Duffy**, 607 S.W.2d 507, 517 (Tex.Crim.App. 1980) (emphasis added) (internal citations omitted); **Butler v. State**, 716 S.W.2d 48, 54 (Tex.Crim.App. 1986). Trial counsel has a duty to make a reasonable investigation into the facts of the case or to make a reasonable decision that makes particular investigation unnecessary. **McFarland v. State**, 928 S.W.2d 482, 501 (Tex.Crim.App. 1996).

10

This duty includes a responsibility to seek out and interview potential witnesses. **Ex parte Welborn**, 785 S.W.2d 391, 393 (Tex.Crim.App. 1990). As the United States Fifth Circuit Court of Appeals has recognized, defense counsel must "*at a minimum…interview potential witnesses and . . . make an independent investigation of the facts and circumstances of the case.*" **Nealy v. Cabana**, 764 F.2d 1173, 1177 (5th Cir. 1985) (emphasis added).

"The obvious corollary to that rule is that *once counsel has investigated the facts* and *developed a defensive theory*, counsel has the obligation to present sufficient available evidence in support of that defensive theory." **Melancon v. State**, 66 S.W.3d 375 (Tex.App. – Houston [14 Dist.] 2000) (citing **State v. Thomas**, 768 S.W.2d 335, 336-37 (Tex.App. – Houston (14th Dist.) 1989, no pet.). "An attorney has a professional duty to present all available testimony and other evidence to support the defense of his client." *Id.*; *See also,* **Ex parte Ybarra**, 629 S.W.2d 943 (Tex.Crim.App. 1982) (ineffective for failing to conduct any investigation and prejudiced by being ill-prepared for cross-examination or advancing a defense).

Applicant's affidavit states that he informed trial counsel about the facts and circumstances of the charged offense. C.R. p. 40. Applicant informed trial counsel about Juana Lerma and Edgar Lerma being present at the crime scene. Trial counsel was never asked Applicant about how counsel could contact either Juana Lerma or Edgar Lerma. Applicant lived at home with both Juana Lerma and Edgar Lerma throughout the underlying criminal case - they could have been easily located. *Id.*

The Affidavits of Juana Lerma and Edgar Lerma state that no one from trial counsel's office or anyone for the defense ever contacted or attempted to contact either one of them. C.R. p. 29-30, 36.

11

As for trial counsel's so-called strategy regarding any factual investigation in the underlying case, trial counsel's Affidavit response (State's EXH. B) to each question of the court's Order Designating Issues (State's EXH. F) is, "I cannot (respond) because I do not have any present recollection of the case because it has been so long ago, nor do I have defense file to recall what attempts I made because I have since relocated my office and no longer know where my 2002 file may be." States EXH. B. Appellate counsel would like to suggest that trial counsel has no present recollection of the case and cannot recall **any** investigative attempts because there is nothing to recall or remember in the first place.

2.  Failure to Assert an Available Defenses.

The purpose of the constitutionally-imposed duty to investigate the facts of the case is to determine whether a viable defense is available to the accused. **Butler v. State**, 716 S.W.2d 48, 54 (Tex.Crim.App. 1986) (lack of investigation "ineffective if not incompetent, where the result is that any viable defense available to the accused is not advanced.") (quoting **Ex parte Lilly**, 656 S.W.2d 490 (Tex.Crim.App. 1983)); **Vasquez v. State**, 830 S.W.2d 948 (Tex.Crim.App. 1992) (court concluded "without hesitation" counsel was ineffective for failing to seek an instruction on available defense of necessity); **Ex parte Ybarra**, 629 S.W.2d 943 (Tex.Crim.App. 1982) (ineffective for failing to conduct any investigation and prejudiced by being ill-prepared for cross-examination or advancing a defense).

Applicant's Affidavit states that trial counsel did not discuss any possible or potential defenses or options with Applicant (except for Applicant to plead "Guilty"). C.R. p, 40. Trial counsel did not discuss any trial strategies with Applicant. *Id*.

3,  Involuntary Plea due to Ineffective Assistance.

12

Guilty pleas entered as a result of ineffective assistance of counsel are involuntary. **Ex parte Burns**, 601 S.W.2d 370 (Tex.Crim.App. 1980). The test for challenges to the voluntariness of a plea based on ineffective assistance is "(1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and, if not, (2) whether there is a reasonable probability that, but for counsel's errors, [Defendant] would not have pleaded guilty and would have insisted on going to trial." **Ex parte Morrow**, 952 S.W.2d 530, 536 (Tex.Crim.App. 1997) (citing **Hill v. Lockhart**, 474 U.S. 52 (1985); *E.g.*, **Kober v. State**, 988 S.W.2d 230, 232 (Tex.Crim.App. 1999).

As has been discussed from II(A),(B) above, trial counsel did not discuss any legal matters with Applicant. From the entirety of the appellate record, the only instance of trial counsel's advice to Applicant was trial counsel's negative-reinforcement reasons on why Applicant should plead "Guilty" - "[You have] a good job, it [is] a good judge, and if [you] want to defend the case or go to trial that [you] would be in court many times, and [your] boss would probably get mad and fire [you]." C.R. p. 40.

"At that point, I thought that nothing could be done about the case, and I decided to plead "Guilty." *Id*.

B. Trial counsel's deficient performance prejudiced Applicant because it is "reasonably probable" that Applicant would have decided to go to trial instead of pleading "Guilty."

To establish prejudice in the context of an involuntary guilty plea resulting from ineffective assistance of counsel, the applicant must demonstrate that there is a reasonable probability that, but for his counsel's deficient representation (errors or omissions), he would not have pleaded guilty but would have instead insisted on going to trial. *E.g.*, **Salazar v. State**, 361

13

S.W.3d 99, 102(Tex. App. - Eastland 2011, no pet. h.) (citing **Strickland v. Washington**, 466. U.S. 668, 698 (1984)).

Because trial counsel did not investigate into any factual matters of this case nor discuss any strategic trial matters with Applicant, Applicant was in no position to intelligently evaluate any aspect of a potential jury trial. Instead, Applicant was completely ignorant of all trial matters. In that position of ignorance, Applicant felt his case had only one possible option - for him to plead "Guilty." On July 17, 2002, Applicant pleaded "Guilty" to Assault of Family Member.

Now, Appellant has an intelligent and informed understanding of his former case. Appellant would have insisted on going to jury trial had former trial counsel adequately performed his professional duties. C.R. p. 40-41.

The risk factors to Appellant for insisting on going to jury trial were low. Appellant had no adverse prior criminal history. Appellant had family ties in the community and a stable work history. The most severe criminal punishment Appellant would have faced from a guilty verdict was one year in county jail and up to a $4,000 fine, or both. TEX. PENAL CODE ANN. §12.21, §22.01 (a)(1), (b) (Vernon 2010). Additionally, "[Appellant] would have been a good candidate for deferred adjudication (or straight probation) if convicted at trial." *Cf.*, **Salazar v. State**, 361 S.W.3d 99, 103 (Tex. App. - Eastland 2011, no pet. h.). (parenthetical added) (in finding prejudice was shown, court pointed out that maximum punishment for underlying guilty plea was 180 days to two years in a state jail facility and a fine up to $10,000 if convicted at trial; family members lived in the United States; enjoyed legal resident status, even though only for a short while, however, defendant had long presence in the United States.

In contrast, Appellant gave up a chance for a jury trial and possible acquittal for a "Guilty" plea; and, a chance for probation to versus fifteen (15) days confinement in jail. Appellant now has a conviction with an affirmative finding of family violence.  State's EXH. A

## PRAYER

FOR THESE REASONS, Appellant requests this Court reverse the trial court's judgment order denying Appellant's application for habeas corpus relief and render that the application is granted, and a new trial granted.  Alternatively, Appellant requests this Court reverse the trial court and remand for the trial court to render a judgment consistent with this court's opinion. Appellant requests oral argument.  Appellant prays for all other and further relief to which he may be entitled.

Respectfully submitted,

_/s/Lance Nguyen_____
Lance Nguyen
State Bar No. 24010266
3303 Main Street, #303
Houston, TX 77002
Lancehac2@gmail.com
Tel: (281) 650-0702; (281) 999-5111
Fax: (281) 786-3379
ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing brief was forwarded to the Harris County District Attorney's Office via E-file service and fax, on June 31, 2015.

_/s/Lance Nguyen_____
Lance Nguyen